UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANTOINE EDWARDS** | **DOCKET NO. 6:23-cv-01542** |
| **DOC # 748056** | **SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **USA, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the court is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Antoine Edwards. Edwards is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

Edwards sought, and was granted, permission to proceed in forma pauperis ("IFP) in this action. Rec. Docs. 7, `0. However, the Court has subsequently discovered that he has filed several civil rights complaints in the United States District Courts for the Middle and Eastern Districts of Louisiana, at least three of which were dismissed by the federal courts as frivolous, malicious, and/or for failure to state a claim: *Antoine Edwards v. Luke Rheems, et al.,* No. 22-290 (M.D. La.), Rec. Docs. 28, 33 & 34; *Antoine Edwards v. Louisiana State, et al*., No. 22-2171 (E.D. La.), Rec. Doc. 13; *Antoine Edwards v. Luke Rheems, et al*., No. 23-30109 (5th Cir.), No. 22-290 (M.D. La.), Rec. Doc. 55. Furthermore, in *Edwards v. U.S. Attorney Office, et al*, the Middle District of Louisiana recently ordered Edwards to pay the filing fee for his suit pursuant to 28 U.S.C. § 1915(g). No. 23-1356 (M.D. La., Nov. 3, 2023), rec. doc. 2. That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884-885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, 589 Fed. Appx. 295, 2015 WL 110445 (5th Cir. 2015). The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

Nothing in the Complaint suggests that Edwards is in imminent danger of serious physical injury. Edwards' allegations do not relate to his physical well-being at all and seem to be entirely focused on his underlying criminal conviction, although the complaint is difficult to decipher. Since Edwards does not allege any facts to show that he is in any danger of physical injury, he cannot meet the standard for imminent danger of serious physical injury. Edwards may continue to pursue his action in this court, but only if he pays the full filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

Accordingly;

**IT IS ORDERED** that Edwards' IFP status is hereby **REVOKED** and **RESCINDED**.

**IT IS FURTHER ORDERED** that, in order for this complaint to remain viable, Edwards must pay the full filing fee of four hundred dollars ($402.00) within twenty (20) days of the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.** <u>Edwards is placed on notice, however, that the lawsuit will still be screened for frivolousness pursuant to 28 U.S.C. § 1915A, if he pays the filing fee.</u>

**IT IS FURTHER ORDERED** that the pending Motion to Expedite (rec. doc. 13) be **DENIED**.

Finally, the Clerk of the Court is directed to send a copy of this Order to the Keeper of the Three Strikes List, Tyler, Texas.

THUS DONE AND SIGNED in Chambers this 22nd day of December, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**